**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 98-1143

---

BRUCE L. HOFFMANN,

                                        Plaintiff - Appellant,

        versus

JESSE BROWN, Secretary of Department of
Veteran's Affairs,

                                        Defendant - Appellee.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Max O. Cogburn, Magistrate Judge. (CA-96-225-1-C)

---

Submitted: October 29, 1999          Decided: November 17, 1999

---

Before WILKINSON, Chief Judge, and NIEMEYER and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Charles R. Brewer, Asheville, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Clifford C. Marshall, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bruce L. Hoffmann appeals the magistrate judge's order[1] grant-ing summary judgment to his employer in this action under the Re-habilitation Act, 29 U.S.C. § 501 et seq., related orders,[2] and the order denying his motion to reconsider under Fed. R. Civ. P. 59(e). We have reviewed the record and the district court's orders and opinions and find no reversible error.[3] Accordingly, we affirm substantially on the reasoning of the district court. See Hoffmann v. Brown, No. CA-96-225-1-C (W.D.N.C. May 23; Sept. 12; Oct. 27 & Nov. 14, 1997). We have previously granted the motion to submit the case without oral argument because the facts and legal conten-tions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[1] The parties consented to the magistrate judge's jurisdiction under 28 U.S.C.A. § 636(c) (West 1993 & Supp. 1999).

[2] Hoffmann also assigns error to the magistrate judge's orders regarding certain discovery motions and motion for a protective order. We find no abuse of discretion in the disposition of these motions.

[3] As one of the alternative bases for the grant of the summary judgment motion, the magistrate judge held that Hoffmann had failed to "exhaust his administrative remedies before filing suit." (J.A. 1803). Under 42 U.S.C. § 2000e-16(c) (1994), a person filing a discrimination complaint with the EEOC need wait only 180 days be-fore filing a civil action. Hoffmann filed his last EEO complaint in November, 1995, and did not file suit until the following September. In view of the other grounds for the decision below, this error does not require reversal.

2